## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ERIC AHLANDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMAZON.COM.KSDC LLC, and** | ) | |
| | ) | |
| Serve at Registered Agent: | ) | |
| Corporation Service Company | ) | **Case No.** |
| 2900 SW Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| **AMAZON FULFILLMENT** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| Serve at Registered Agent: | ) | |
| Corporation Service Company | ) | |
| 2900 SW Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Eric Ahlander ("Plaintiff"), by and through undersigned counsel, states and alleges as follows for his Complaint of disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and for interference and retaliation under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, against Defendants Amazon.com.ksdc, LLC and Amazon Fulfillment Services, Inc. (collectively, "Defendants"):

## PARTIES

1.      Plaintiff, at all relevant times to the allegations herein, is a resident of the State of Kansas.

2.      Defendant Amazon.com.ksdc, LLC ("Defendant Amazon.com") is a limited liability company organized under the laws of Delaware doing business at 19400 Montrose St., Edgerton, KS 66021.

3.      At all times relevant to the allegations herein, Defendant Amazon.com was an "employer" pursuant to Title VII, the ADA, and the FMLA.

4.      Defendant Amazon Fulfillment Services, Inc. ("Defendant Amazon Fulfillment") is a corporation organized under the laws of Delaware doing business at 19400 Montrose St., Edgerton, KS 66021.

5.      At all times relevant to the allegations herein, Defendant Amazon Fulfillment is an "employer" pursuant to Title VII, the ADA, and the FMLA.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this matter presents questions of federal law.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

8.      Plaintiff timely filed on or about October 23, 2018, a charge of discrimination against Defendants with the Equal Opportunity Employment Commission ("EEOC").

9.      Thereafter, on or about July 11, 2019, EEOC issued a notice of right to sue regarding Plaintiff's charge. A true and accurate copy of the notice is attached hereto as Exhibit A and incorporated herein by reference.

10.     This action has been timely filed with this Court, and Plaintiff has fully complied with all administrative prerequisites before filing this action.

## FACTUAL ALLEGATIONS

11.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

12.     Plaintiff was employed by Defendants as a transportation area manager from September 2016 until his employment was wrongfully terminated on or about June 8, 2018.

13.     Defendants falsely and pretextually disciplined and eventually terminated Plaintiff's employment because of his disabilities, his caregiving responsibilities as a husband and father, and his use of FMLA-protected leave.

14.     Plaintiff has several medical conditions that qualify as disabilities under the ADA.

15.     Plaintiff's disabilities are related to his service on active duty in the United States Armed Forces.

16.     Plaintiff received consistently positive reviews and feedback from his managers until he informed his managers in or about October 2017 that he needed to take paid time off ("PTO") for disability-related medical appointments and that he would have some unavailability after normal working hours due to his disabilities.

17.     After Plaintiff informed his managers of his disabilities, they repeatedly made negative comments and criticized Plaintiff about the disability-related absences and unavailability outside normal working hours.

18.     After Plaintiff informed his managers of his disabilities, Defendants denied him a promotion in January 2018 for which he was well-qualified.

19.     Plaintiff's managers also placed him on a performance improvement plan in January 2018 because he had taken approved PTO due to his disabilities.

20.    Defendants disciplined Plaintiff even though the metrics by which Plaintiff's performance were judged were similar to or better than his co-workers without disabilities.

21.    Defendants' mistreatment of Plaintiff due to his disabilities continued until Defendants terminated Plaintiff's employment.

22.    Plaintiff requested a reasonable accommodation from human resources in April 2018.

23.    Plaintiff asked Defendants to allow him to get eight hours of uninterrupted sleep at night, which he needed to do his job because of his service-related disabilities.

24.    Instead of interacting with Plaintiff about his request for a reasonable accommodation, Defendants summarily dismissed Plaintiff's request and told him that he didn't need an accommodation.

25.    Instead of accommodating Plaintiff's disabilities, Defendants terminated Plaintiff's employment on June 8, 2018.

26.    Plaintiff's gender is male.

27.    Plaintiff has five children and has significant caregiving responsibilities for his children.

28.    Plaintiff's wife was pregnant in 2017 and gave birth to their fifth child on April 29, 2018.

29.    Plaintiff received consistently positive reviews and feedback from his managers until he informed his managers in October 2017 that he would need to take paid time off (PTO) to care for his wife and children, some of whom have special needs, during his wife's pregnancy.

30.     Defendants repeatedly made negative comments and criticized Plaintiff about his absences and unavailability outside normal working hours when Plaintiff was on approved PTO taking care of his wife or children.

31.     Plaintiff's managers also placed him on a performance improvement plan in January 2018 because he had taken approved PTO to care for his wife and children.

32.     In October 2017, Plaintiff informed Defendants of his upcoming request for paternity leave after the birth of his fifth child.

33.     When Defendants placed Plaintiff on a performance improvement plan, the metrics by which Plaintiff's performance was judged were similar to or better than his co-workers without caregiving responsibilities or who had not taken paternity leave.

34.     In early 2018, Plaintiff requested paternity leave under the FMLA to care for his wife and new child starting after the birth of the child on April 2018.

35.     Defendants approved Plaintiff for two weeks of paternity FMLA leave starting on or about May 11, 2018.

36.     Plaintiff's FMLA approval had him returning to work for two weeks and then taking an additional four weeks of paternity leave under the FMLA.

37.     Plaintiff took the first two-week portion of his FMLA leave from on or about May 11, 2018, to May 25, 2018.

38.     Plaintiff returned to work on or about May 25, 2018, and worked until on or about June 8, 2018.

39.     Plaintiff was to start the second, four-week portion of his FMLA leave on June 8, 2018.

40.     On Friday, June 8, 2018, Defendants terminated Plaintiff's employment.

41.     Plaintiff was not allowed to complete his FMLA leave.

42.     Defendants' purported reason for terminating Plaintiff's employment was an alleged violation of company policy.

43.     Other employees who did not have disabilities, but violated the same policy as Plaintiff, were not fired.

44.     Other employees who had not requested an accommodation, but violated the same policy as Plaintiff, were not fired.

45.     Other employees without caregiving responsibilities or who had not taken paternity leave, but violated the same policy as Plaintiff, were not fired.

46.     Other employees who had not requested or taken an FMLA leave, but violated the same policy as Plaintiff, were not fired.

47.     Defendants' reason for terminating Plaintiff's employment was pretext for disability discrimination, gender discrimination, retaliation, and interference with FMLA rights.

## COUNT I – FAILURE TO REASONABLY ACCOMMODATE – ADA

48.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

49.     During his employment, Plaintiff had one or more physical impairments that constitute a disability.

50.     Plaintiff's physical impairment substantially limited one or more of his major life activities of, *inter alia*, sleeping, thinking, concentrating, and communicating.

51.     Defendants knew of Plaintiff's disabilities.

52.     At all relevant times, Plaintiff could perform the essential functions of his job as a transportation area manager at the time he requested an accommodation and his employment was

terminated, if Defendants had allowed him to get uninterrupted sleep at night or another reasonable accommodation.

53.     Allowing Plaintiff to get uninterrupted sleep at night would have been reasonable.

54.     Defendants failed to provide Plaintiff's requested accommodation and failed to provide any other reasonable accommodation.

55.     Instead of providing a reasonable accommodation to Plaintiff, Defendants terminated his employment.

56.     The actions and conduct set forth herein were and continue to be outrageous and with evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

57.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has been deprived of income and other monetary and non-monetary benefits and has suffered and will continue to suffer damages, including lost wages, benefits, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*; for an award of back pay including interest; an award of front pay in a reasonable amount; an award of compensatory and punitive damages; costs; reasonable attorneys' fees and expert fees; and for such other relief as this Court deems just and proper.

## COUNT II – DISABILITY DISCRIMINATION – WRONGFUL TERMINATION – ADA

58.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

59.     At all times relevant, Plaintiff suffered from one or more physical impairments that constitute a disability.

60.     Plaintiff's physical condition substantially limited and interfered with major life activities of, *inter alia*, sleeping, thinking, concentrating, and communicating.

61.     Defendants terminated Plaintiff's employment on or about June 8, 2018.

62.     Plaintiff could have performed the essential functions of his job of transportation area manager, with or without an accommodation, at the time Defendants terminated his employment.

63.     Defendants knew of Plaintiff's disabilities, and Plaintiff's disabilities were a motivating factor or played a part or role in Defendants' decision to terminate Plaintiff's employment.

64.     The actions and conduct set forth herein were and continue to be outrageous and with evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

65.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has been deprived of income and other monetary and non-monetary benefits and has suffered and will continue to suffer damages, including lost wages, benefits, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*; for an award of back pay including interest; an award of front pay in a

reasonable amount; an award of compensatory and punitive damages; costs; reasonable attorneys' fees and expert fees; and for such other relief as this Court deems just and proper.

## COUNT III – RETALIATION – ADA

66.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

67.     Plaintiff engaged in protected activity by requesting a reasonable accommodation for his disabilities in April 2018.

68.     After failing to engage in the interactive process and denying Plaintiff a reasonable accommodation, Defendants continued to discipline Plaintiff and make negative comments about Plaintiff's disabilities until his employment was terminated.

69.     Defendants terminated Plaintiff's employment on or about June 8, 2018.

70.     Plaintiff's employment termination would dissuade a reasonable worker in the same or similar circumstances from requesting a reasonable accommodation for a disability.

71.     Defendants would not have terminated Plaintiff's employment if Plaintiff had not requested a reasonable accommodation for his disability.  Plaintiff's protected activity was a motivating factor or played a part in Defendants' decision to terminate Plaintiff's employment.

72.     Defendants' conduct was outrageous, intentional, willful, or shows an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and the rights of others, and therefore Defendants are liable for punitive damages for punishment and deterrence purposes.

73.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has been deprived of income and other monetary and non-monetary benefits and has suffered and will continue to suffer damages, including lost wages, benefits, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count III of his Complaint, for a finding that he has been subjected to unlawful retaliation prohibited by 42 U.S.C. § 12101, *et seq.*; for an award of back pay including interest; an award of front pay in a reasonable amount; an award of compensatory and punitive damages; costs; reasonable attorneys' fees and expert fees; and for such other relief as this Court deems just and proper.

## COUNT IV – SEX DISCRIMINATION – TITLE VII

74.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

75.    Plaintiff's gender is male.

76.    Plaintiff was subjected to disparate treatment by Defendants based on his sex in that his employment was terminated because he requested and took paternity leave for his caregiving responsibilities.

77.    Based upon the foregoing, Plaintiff's gender was a motivating factor in Defendants' decision to treat him differently than similarly situated female co-workers and terminate his employment.

78.    As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has been deprived of income and other monetary and non-monetary benefits and has suffered and will continue to suffer damages, including lost wages, benefits, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

79.     Defendants knew their actions and conduct were in violation of the law, and the actions and conduct set forth herein were and continue to be outrageous and with evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and Plaintiff is therefore

entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination and harassment prohibited by 42 U.S.C. § 2000e, *et seq.*; for an award of back pay including interest; an award of front pay in a reasonable amount; an award of compensatory and punitive damages; costs; reasonable attorneys' fees and expert fees; and for such other relief as this Court deems just and proper.

### **COUNT V – VIOLATION OF FMLA, 29 U.S.C. § 2601, *et seq.* – DISCRIMINATION/RETALIATION AND INTERFERENCE**

80.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

81.     Plaintiff was employed by Defendants.

82.     Plaintiff worked for Defendants for at least 12 months before he requested FMLA leave.

83.     Plaintiff was employed by Defendants and worked more than 1,250 hours in the 12 months before he requested FMLA leave.

84.     Plaintiff worked for Defendants at a location where 50 or more employees of Defendants worked within 75 miles.

85.     In the 12 months preceding his termination, Plaintiff had only requested FMLA leave one time, immediately before his employment termination.

86.     As an employee of Defendants, Plaintiff was eligible for FMLA leave because of the birth of a child.

87.     Plaintiff notified Defendants of his need for FMLA leave as soon as practicable before the need for leave arose.

88.     Defendants were aware of Plaintiff's need for FMLA because of the birth of a child.

89.     As a result of the birth of a child, Plaintiff took leave pursuant to 29 U.S.C. § 2601, *et seq.* from on or about May 11, 2018, until May 25, 2018.

90.     Plaintiff returned to work on or about May 25, 2018. He was scheduled to work two weeks and then take a second portion of FMLA leave from June 8, 2018, through July 6, 2018.

91.     Defendants terminated Plaintiff's employment on June 8, 2018.

92.     An eligible employee who takes FMLA leave is protected from retaliation and discrimination for exercising any right provided by the FMLA.

93.     Defendants retaliated and discriminated against Plaintiff for exercising his rights under the FMLA by terminating his employment during a gap in his FMLA leave.

94.     Plaintiff's exercise of FMLA rights has a causal connection to Defendants' termination of Plaintiff's employment.

95.     Defendants' reasons for their treatment of Plaintiff were a pretext for their unlawful and retaliatory motives.

96.     The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of any right provided by the FMLA.

97.     Defendants interfered with and restrained Plaintiff's FMLA rights by terminating his employment before he could complete his leave.

98.     Defendants' treatment of Plaintiff was prohibited by and violated the FMLA.

99.     As a result of Defendant's unlawful conduct, Plaintiff has been damaged.

100.    Plaintiff is entitled to all damages authorized by the FMLA, including lost wages and benefits, interest, liquidated damages, attorneys' fees, and equitable relief.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count V of his Complaint, for all damages recoverable under the FMLA, including lost wages and benefits, interest, liquidated damages, attorneys' fees, equitable relief, the costs of this action, and such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests trial by jury on all Counts stated herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas, as the place of trial.

Respectfully submitted,

DYSART TAYLOR COTTER
McMONIGLE & MONTEMORE, P.C.

By  */s/ Anne E. Baggott*
Anne E. Baggott, KS #23629
4420 Madison Avenue, Suite 200
Kansas City, MO  64111
T: (816) 931-2700
Fax: (816) 931-7377
abaggott@dysarttaylor.com
**ATTORNEY FOR PLAINTIFF**